FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

OCT 1 5 2007

DAVID J. MALAND, CLERK
BY
DEPUTY _____

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:03cr94 |
| | § | |
| CARLOS GARZA III | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on October 2, 2007 to determine whether the Defendant violated his supervised release. The Defendant was represented by Denise Benson. The Government was represented by Randy Blake.

On February 18, 2002, the Defendant was sentenced by the Honorable Gloria Garcia Reyes, 2nd Federal District Court, Cancun, Quintana Roo, Mexico, to ten (10) years and 100 days imprisonment for the offense of Possession and Sale of Cocaine. The case was reassigned to the Honorable Paul Brown, United States District Judge, and pursuant to a transfer of treaty determination by the U.S. Parole Commission, on May 14, 2003, Defendant was released from custody and ordered to commence service of a 24-month term of supervised release. This case was reassigned to the Honorable Richard A. Schell, United States District Judge on September 11, 2007.

On January 3, 2005, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. 3). The petition asserted that Defendant violated the following conditions of supervision: (1) Defendant shall report to the probation officer as directed by the Court

or probation officer and shall submit a truthful and complete written report within the first five days of each month; (2) Defendant shall notify the probation officer within 72 hours of any change in residence or employment; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician; and (4) Defendant shall participate as instructed by his probation officer in a program for treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if he has reverted to the use of drugs.

The petition alleges that Defendant committed the following violations: (1) Defendant failed to report to the U.S. Probation Office for scheduled office visits on February 4 and 18, 2004, and March 11, 2004, and Defendant also failed to submit his written monthly supervision reports by the 5th of the month for the months of July and August 2003 and February 2004; (2) Defendant was residing with his sister and mother, and Defendant's sister advised that a few days before February 24, 2004, she had to inform him that he was no longer welcome to reside with her because of his behavior and attitude and, on March 15, 2004, Defendant's mother advised that she had not spoken with or seen him since the latter part of February 2004 and was unaware of his whereabouts; Defendant failed to notify his probation officer of his change of residence; (3) Defendant submitted urine specimens on September 12 and October 8, 2003, and January 8, 2004 that tested positive for marijuana, and, when questioned regarding the positive urine specimen of January 8, 2004, Defendant admitted to using marijuana on January 7, 2004; (4) Defendant failed to report as directed for drug treatment counseling sessions on December 9, 2003, January 20 and February 18, 2004, and Defendant failed to report for random drug testing on August 8 and 13, and December 4, 2003 and

2

January 20, February 5, 13, 17, 19 and 24, 2004.

Prior to the Government putting on its case, the Defendant entered a plea of true to the

alleged violations. At the hearing, the Court recommended that Defendant's supervised release

be revoked.

## RECOMMENDATION

The Court recommends that the District Court revoke the Defendant's supervised release.

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the Defendant be

committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9)

months, with no supervised release to follow. The Court further recommends that Defendant's

term of imprisonment be carried out in the Bureau of Prisons facilities located in Seagoville,

Texas.

**SIGNED** this ____ day of _____, 2007.

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

3